## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA



| | |
|---|---|
| **Sonya Cusack and Beverly Bierwerth, individually and on behalf of others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Century Health and Life, LLC**<br>Defendant. | **Case No.:**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR**<br>  1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br>  2. **VIOLATIONS OF FLORIDA STATUTE § 501.059**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. Plaintiffs, Beverly Bierwerth ("Plaintiff Bierwerth") and Sonya Cusack ("Plaintiff Cusack") (or jointly as "Plaintiffs"), bring this action against Defendant Century Health and Life, LLC ("Defendant") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Florida Statute § 501.059.

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and Fla. Stat. §

1

501.059.

3. Defendant is a health insurance company. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiffs seek injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiffs also seek statutory damages on behalf of themselves and members of the class, and any other available legal or equitable remedies.

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in the Southern District of Florida.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiffs seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

11. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.   Further, Defendant's tortious conduct against Plaintiffs occurred within the State of Florida and, on information and belief, Defendant has made the same phone calls complained of by Plaintiffs to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

**PARTIES**

12.   Plaintiff Bierwerth is a natural person residing in the City of Ola, County of Yell, State of Arkansas.

13.   Plaintiff Cusack is a natural person residing in the City of Jacksonville, County of Duval, State of Florida.

14.   Defendant is a company based in Coral Springs, Florida, conducting business in the health insurance field.

## THE TCPA

15. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

16. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

17. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."  Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

18. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that

wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

19. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

20. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

21. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See Golan v. Veritas Entm't, LLC, 788 F.3d 814, 820 (8th Cir. 2015).

22. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." Golan, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

23. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase,

rent, or invest in property, goods, or services during the call or in the future.  Id.

24. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

25. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent.  See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

26. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'"  Van Patten v. Vertical Fitness Grp., No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

**FLA. STAT. § 501.059**

27. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves . . . the playing of a recorded message when a connection is completed to a number without the prior express written consent of the called party." Fla. Stat **§ 501.059(8)(A).**

28. The statute defines "telephonic sales call" as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. **§ 501.059(1)(I).**

29. A person will be defined as a "called party" if they are a "person who is the regular user of the telephone number that receives a telephonic sales call," under Fla. Stat. **§ 501.059(1)(A).**

30. An "unsolicited telephonic sales call" is one that is made other than in direct response to the express request of the person who is called. under Fla. Stat. **§ 501.059(4)(K).**

   //

**GENERAL ALLEGATIONS**

31. At all times relevant, Plaintiff Cusack was an individual residing within the State of Florida.

32. At all times relevant, Plaintiff Bierwerth was an individual residing within the State of Arkansas.

33. At all times relevant, Defendant conducted business in the State of Florida.

<u>Plaintiff Cusack</u>

34. On or around August 29, 2022, Plaintiff Cusack received a call from Defendant who attempted to ask her questions. Plaintiff Cusack picked up and stated that she was not interested.

35. From August 29, 2022, to September 9, 2022, Plaintiff Cusack received an additional twenty-one calls from Defendant.

36. On or around August 30, 2022, Plaintiff Cusack called Defendant and asked to be removed from its calling list.

37. On or around September 1, 2022, and September 7, 2022, Plaintiff Cusack received prerecorded voicemails from Defendant.

//

//

<u>Plaintiff Bierwerth</u>

38. On or around September 16, 2022, Plaintiff Bierwerth started receiving phone calls from Defendant.

39. On or around September 20, 2022, Plaintiff Bierwerth told Defendant she was not interested and to remove her from the calling list.

40. From around September 16, 2022, to October 1, 2022, Plaintiff Bierwerth received approximately seventeen phone calls from Defendant.

41. Plaintiff Bierwerth has been on the National Do Not Call Registry since 2017. Plaintiff Cusack has been on the National Do Not Call Registry since 2006. Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C. § 227(c)(3)(F).

42. Defendant's phone calls constitute telephone solicitation because it encouraged the future purchase or investment in property, goods, or services under 47 U.S.C. § 227(a)(4), i.e., attempting to sell Plaintiffs health insurance.

43. Plaintiff Cusack received the phone calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.  Defendant made phone calls to Plaintiff Bierwerth in the State

of Arkansas. Therefore, upon information and belief, Defendant made other phone calls to individuals residing within this judicial district and throughout the United States.

44. At no point in time did Plaintiffs provide Defendant with their express written consent to be contacted.  This is in violation of 47 U.S.C. § 227(a)(5).

45. Defendant's unsolicited phone calls caused Plaintiffs actual harm, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

46. Defendant's phone calls also inconvenienced Plaintiffs and caused disruption to there daily life.

47. Defendant's unsolicited phone calls caused Plaintiffs actual harm. Specifically, Plaintiffs estimate that they spent numerous hours investigating the unwanted phone calls including how they obtained their number and who the Defendant was.

48. Furthermore, Defendant's phone calls took up memory on Plaintiffs' cellular phone. The cumulative effect of unsolicited phone calls and voicemails like Defendant's poses a real risk of ultimately rendering the

phone unusable for other purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

49. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

50.  Plaintiffs bring this case on behalf of three Classes defined as follows:

The Federal Prerecorded Voice TCPA Class

> All persons within the United States who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone made through the use of an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

The Federal DNC Class

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

 The Florida TCPA Class

> All persons within the State of Florida who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone and such person had not previously consented to

receiving such calls within the four years prior to the filing of this Complaint.

51. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

52. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

53. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

54. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes.  Among the questions of law and fact common to the Classes are:

(1)     Whether Defendant made non-emergency calls to Plaintiffs' and Class members' cellular telephones using an ATDS or pre-recorded voice;

(2)     Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

(3)     Whether Defendant's conduct was knowing and willful;

(4)     Whether Defendant is liable for damages, and the amount of such damages;

(5)     Whether Defendant should be enjoined from such conduct in the future; and

(6)     Whether Plaintiffs and the putative class members were on the do-not-call registry at least 30 days prior to being called by Defendant.

55. The common questions in this case are capable of having common answers. If Plaintiffs' claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiffs and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

//

**TYPICALITY**

56. Plaintiffs' claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

57. Plaintiffs are representatives who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

58. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford

individual litigation, the court system would be unduly burdened by individual litigation of such cases.

59. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I

### <u>VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(B)</u>

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

60. Plaintiffs re-allege and incorporate the foregoing allegations as if fully set forth herein.

61. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or pre-recorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

62. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiffs and the other members of the Class defined below.

63. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiffs and the other members of the putative Class when its calls were made.

64. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or pre-recorded voice messages to make non-emergency telephone calls to the cell phones of Plaintiffs and the other members of the putative Class without their prior express written consent.

65. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

66. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiffs and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiffs and the class are also entitled to an injunction against future calls. *Id*.

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(B)

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

67. Plaintiffs re-allege and incorporate the foregoing allegations as if fully set forth herein.

68. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

69. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that its conduct was a violation of the TCPA.

70. Because Defendant knew or should have known that Plaintiffs and Class Members had not given prior express consent to receive its autodialed calls with pre-recorded voice messages, the Court should

treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

71. As a result of Defendant's violations, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

72. Both Plaintiffs were on the National Do Not Disturb Registry when these telephonic sales calls were made. *Id.*

**COUNT III**

**Negligent Violations of the TCPA, 47 U.S.C. § 227(c)**

**(On Behalf of Plaintiff and the DNC Class)**

73. Plaintiffs re-allege and incorporates the foregoing allegations as if fully set forth herein.

74. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

75. As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiffs and the DNC Class Members are entitled an award of $500.00 in statutory damages in the amount of $500, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

76. Plaintiffs and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT IV

### Knowing/Willful Violations of the TCPA, 47 U.S.C. § 227(c)

### (On Behalf of Plaintiff and the DNC Class)

77. Plaintiffs repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

78. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

79. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiffs and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

80. Plaintiffs and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT V

### VIOLATIONS OF FLA. STAT. § 501.059

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

81. Plaintiffs re-allege and incorporate the foregoing allegations as if fully set forth herein.

82. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiffs and the other members of the Class in violation of Fla. Stat **§ 501.059(8)(A).**

83. Under Fla. Stat **§ 501.059(1)(G),** prior consent includes the signature of the called party, the telephone of the called party, as well as clear authorization to the person making or allowing the telephonic sales call to make the call. Defendant did not have prior express consent to call the cell phones of Plaintiffs and the other members of the putative Class when these telephonic sales calls were made. *Id.*

84. Defendant has, therefore, violated Fla. Stat **§ 501.059(8)(A) AND** Fla. Stat **§ 501.059(1)(G)** by using an automatic telephone dialing system and/or pre-recorded voice messages to make non-emergency telephone calls to the cell phones of Plaintiffs and the other members of the putative Class without their prior express written consent.

85. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

86. As a result of Defendant's conduct and pursuant to Fla. Stat **§ 501.059(10)(B)**, Plaintiffs and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and Florida Statute § 501.059;

b. An injunction prohibiting Defendant from using a telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages;

d. An order appointing Plaintiffs Bierwerth and Cusack as class representatives;

e. An order appointing Plaintiffs' attorneys as class counsel; and

f. Such further and other relief the Court deems reasonable and just.

//

//

//

//

//

//

//

//

//

//

//

## TRIAL BY JURY

87. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 19, 2023          Respectfully submitted,

     BY: /S/ RYAN L. MCBRIDE
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni (1034549)
**Kazerouni Law Grouo, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride (1010101)
**Kazerouni Law Group, APC**
301 E. Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com